## Case No. 15,829.

### UNITED STATES v. MOUNTJOY.

[4 Int. Rev. Rec. 9.]

·District Court, D. New Jersey. July 9, 1866.

INTERNAL REVENUE—FRAUDULENT RETURNS—USE OF UNAUTHORIZED FORM.

In the United States district court, Monday, July 9, the trial of George Mountjoy, of the firm of Mountjoy & McGinniss, of Rahway, for making fraudulent returns to the United States assessor, was resumed. [For prior proceeding, see Case No. 15,678.]

THE COURT called D. P. Southworth, United States assessor for the Fourth district of Pennsylvania, who had been charged with the investigation of the frauds charged in this case. It appearing by his evidence that the alleged return was made on an old form, such as was required under the law of 1862 [12 Stat. 432], and that the form prescribed by the commissioner of internal revenue, under the act of 1864 [13 Stat. 227], had never been used by the assistant assessor at Rahway, and the witness testifying that the return in evidence would not have been accepted by him, and was in no sense in compliance with the act of 1864, THE COURT interrupted the further progress of the case.

FIELD, District Judge, said that this was a difficulty that had occurred to his mind from the first, and now it appearing as a fact that no return had been made, he could not charge the jury that such a return had actually been made, and that it was for them to decide whether it was false and fraudulent or not. This difficulty arises from the fact that the assistant assessor, A. S. Bonney, of Rahway, N. J., to cover up his own deficiencies, and to subserve his own private ends, it appearing that he was deeply interested in the return, had arranged his monthly account, at least, in a way to suit himself. THE COURT felt it was only proper to state this to the district attorney, leaving it for him to make such statement as he might deem proper under the circumstances.

Mr. Keasbey, United States district attorney, said that this was a difficulty he had been called upon to consider at the outset of the case, and he had drawn the indictments with reference to it. He could not control the facts of the case, and if the court considered the objection an insuperable one, he must, of course, submit. He had tried to do his duty, and in future, as in this case, where evidence of fraud was presented to the grand jury, he should endeavor to secure a conviction.

THE COURT then directed the jury to return a verdict of "Not guilty," and under the direction of the court, the verdict was returned.

A. Q. Keasbey, U. S. Dist. Atty.

Charles T. Bonsall, David Sellers, and E. Mercee Shreve, for defence.

## Case No. 15,830.

### UNITED STATES v. MOXLEY.

[2 Cranch, C. C. 64.] [1]

Circuit Court, District of Columbia. Dec. Term, 1812.

WITNESS—COMPETENCY—INTEREST—INDICTMENT FOR USURY.

Upon an indictment for taking usury, the borrower is a competent witness for the prosecution, if he has paid the money, and be not the informer.

[Cited in U. S. v. Anderson, Case No. 14,452.]

Indictment for taking usury from William Calder.

The attorney of the United States offered William Calder as a witness.

Mr. Morsell and Mr. Key, for defendant, objected that he was interested. First, because he is the informer, and entitled to half the penalty, under the Maryland law of September, 1704, c. 69, § 3; and secondly, because he is offered to invalidate his own contract. If he has paid the money he may recover it back; if he has not paid it he is interested to set aside the contract. 1 McNal. Ev. 105; Rex v. Whiting, 1 Salk. 283, 1 Ld. Raym. 396.

THE COURT (FITZHUGH, Circuit Judge, absent) was of opinion that the witness was competent; having declared upon the voir dire, that he was not interested; and had paid the money, and it being admitted that he was not a voluntary informer.